**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>LABORATORIO CLINICO AVANZADO EMMANUEL, INC. and KORALYS DEL MAR RUIZ CALIXTO,<br><br>Defendants. | Civil Action No. ________________<br><br>**COMPLAINT FOR INTERPLEADER** |

Comes now Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332, for its Complaint for Interpleader, alleges and prays as follows:

**PARTIES**

1. Lincoln is an insurance company existing under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.

2. Defendant Laboratorio Clínico Avanzado Emmanuel, Inc. ("Laboratorio") is a corporation organized under the laws of Puerto Rico. Its registered Number with the Puerto Rico State Department is 179743. Laboratorio's registered agent for service of process is Yahaira Romero López. Ms. López can be served at her registered address for service of process, Centro Comercial Monaco Carr 149 KM 3.0, Manati, PR, 00674.

3. Defendant Koralys Del Mar Ruiz Calixto ("Ms. Calixto") is a citizen and resident of Dorado, Puerto Rico.

4. Victor Manuel Valentín De Jesus ("Decedent") was insured under two life insurance policies described below. Ms. Calixto is Decedent's surviving spouse, Laboratorio is the owner

of the policies and the beneficiary thereunder, and they are collectively referred to herein as the "Claimants."

5. Decedent and Ms. López were co-owners of Laboratorio.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is an action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This Court has personal jurisdiction over Claimants pursuant to Puerto Rico R. Civ. P. 3.1(a)(2) because Claimants are citizens and residents of Puerto Rico.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Claimants reside in this district.

**CLAIM FOR INTERPLEADER**

9. Lincoln brings this action for interpleader relating to a term life insurance policy bearing policy number T400398843 (the "Term Policy") and an indexed universal life insurance policy bearing policy number IUL1072386 (the "IUL Policy"). The Term Policy and the IUL Policy are collectively referred to herein as the "Lincoln Policies." Redacted specimen copies of the Term Policy and the IUL Policy are attached as **Exhibit A** and **Exhibit B**, respectively.

10. The Lincoln Policies provide for a collective death benefit of $2,075,000 (the "Policy Benefits"), which is comprised of $925,000 for the Term Policy and $1,150,000 for the IUL Policy.

11. The Term Policy application, dated February 16, 2022, identified Laboratorio as both the Owner and Beneficiary under the policy. A redacted copy of the Term Policy application is attached as **Exhibit C**.

12. On March 15, 2022, Decedent signed the Employer-Owned Life Insurance Consent and Notice form, acknowledging that all benefits paid under the Term Policy would be paid to his employer. A copy of the Term Consent Form is attached hereto as **Exhibit D**.

13. In November 2023, Decedent converted a portion of the Term Policy to an IUL Policy.

14. The IUL Policy application, dated November 7, 2023, identified Laboratorio as both the Owner and Beneficiary under the policy. A redacted copy of the IUL Policy application is attached as **Exhibit E**.

15. On November 22, 2023, Decedent submitted a revised IUL policy application, filling in a few details missing from the original application. A redacted copy of the revised IUL Policy application is attached hereto as **Exhibit F**.

16. On December 8, 2023, Decedent executed an amendment to his application for life insurance. A copy of the IUL Amendment is attached as **Exhibit G**.

17. Decedent died on April 28, 2025, while the Lincoln Policies were still in force. A redacted copy of Decedent's Death Certificate is attached as **Exhibit H**.

18. Upon Decedent's death, the Policy Benefits became payable.

19. By Claimant's Statement dated June 7, 2025, Ms. López, on behalf of Laboratorio, asserted a claim to the Policy Benefits. A redacted copy of Laboratorio's Claimant's Statement is attached as **Exhibit I**.

20. On June 20, 2025, Lincoln received an email from Ms. Calixto requesting information regarding the status of the Lincoln Policies and the claims. As grounds for her request, Ms. Calixto stated that by virtue of being the surviving spouse of the Decedent, she was his sole

universal heir and 50% owner of Laboratorio. A copy of the June 20, 2025 email is attached hereto as **Exhibit J**.

21. On June 23, 2025, Lincoln received a second email from Ms. Calixto stating that the Lincoln Policies were "intended to fund a Buy and Sell agreement between the corporate shareholders." She stated that her "rights as heir and affected party have been seriously compromised" and that she was "writing to formally request access, transparency, and the immediate suspension of any disbursement related to [the Lincoln Policies]." A copy of the June 23, 2025 email is attached hereto as **Exhibit K**.

22. In the June 23, 2025 email, Ms. Calixto also described how certain conditions of the Buy and Sell Agreement were not followed and she therefore requested that Lincoln not disburse the Policy Benefits. *See id*.

23. On July 2, 2025, Lincoln received a letter from Christina Rodriguez, counsel for Laboratorio. In the letter, Ms. Rodríguez demanded that Lincoln pay the Policy Benefits to Laboratorio, notwithstanding Ms. Calixto's claim. A copy of the July 2, 2025 letter is attached hereto as **Exhibit L**.

24. In light of the adverse claims from Claimants, and the associated factual and legal issues involved, Lincoln cannot determine the proper recipient of the Policy Benefits without risking exposure to multiple liability and/or litigation. *See Sevelitte v. Guardian Life Ins. Co. of Am.*, 55 F.4th 71, 80 (1st Cir. 2022) ("The purpose of the interpleader rule is to afford a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under its control a procedure to settle the controversy and satisfy its obligation in a single proceeding.") (citing 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1714 (3d ed. 2022 update) (internal quotations omitted)). "It is not necessarily the 'likelihood of

duplicative liability,' but rather the 'threat of possible multiple litigation,' that justifies resort to interpleader." *Id.* at 80.

25. Both Defendants claim to have an interest in the Policy Benefits.

26. As a mere stakeholder, Lincoln has no interest in the Policy Benefits (except to recover reasonable attorneys' fees and costs associated with this action). Lincoln, therefore, respectfully requests that this Court determine to whom the Policy Benefits should be paid.

27. Lincoln will deposit into the registry of the Court the Policy Benefit upon issuance of an order authorizing such payment pursuant to Rule 67 of the Federal Rules of Civil Procedure.

WHEREFORE, Lincoln prays for judgment as follows:

(a) That Claimants be ordered to interplead and settle amongst themselves their respective claims to the Policy Benefits;

(b) That Lincoln be permitted to pay the Policy Benefits into the registry of the Court;

(c) That Claimants be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Policy Benefits or any part thereof;

(d) That Lincoln be found to have no further liability beyond having the Policy Benefits deposited into the registry of this Court;

(e) That Lincoln be discharged and dismissed with prejudice from this case; and

(f) That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on September 30, 2025.

**McCONNELL VALDÉS LLC**

Attorneys for Interpleader-Plaintiff The Lincoln National Life Insurance Company

270 Muñoz Rivera Ave.,
Hato Rey, Puerto Rico 00918
P.O. Box 364225,
San Juan, Puerto Rico 00936-4225
http://www.mcvpr.com
Tel. (787) 250-2619
Fax. (787) 759-8282

*/s/ Juan A. Marqués Díaz*
Juan A. Marqués Díaz
USDC-PR Bar No. 211803
jam@mcvpr.com

*/s/ Valeria M. Sagardía Deliz*
Valeria M. Sagardía Deliz
USDC-PR No. 309908
vsd@mcvpr.com